# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 15-1463V**
**Filed: March 23, 2018**
UNPUBLISHED

|  |  |
|---|---|
| MARILYN WENKER, <br><br>                 Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND <br> HUMAN SERVICES, <br><br>                 Respondent. | Special Processing Unit (SPU); <br> Attorneys' Fees and Costs |

*Barry Alan Washor, Queller, Fisher, Washor, Fuchs & Kool, LLP, New York, NY, for petitioner.*
*Justine Elizabeth Walters, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On December 3, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury caused by her September 13, 2013 influenza vaccination. Petition at 1. On April 13, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 41).

On February 28, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 46). Petitioner requests attorneys' fees in the amount of $18,456.00 and attorneys' costs in the amount of $839.53. (*Id.* at 3). In compliance with General Order

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

#9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  (*Id* at 3).  Thus, the total amount requested is $19,295.53.

On March 8, 2018, respondent filed a response to petitioner's motion.  (ECF No. 47).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 1).  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2).  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  (*Id.* at 3).

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I.     Legal Standard for Awarding Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  Petitioner in this case was awarded compensation; she is therefore entitled to an award of reasonable attorneys' fees and costs.[3]

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347–58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  (*Id.* at 1348.)

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's

---

[3] In addition, § 300aa–15(e)(3) states that "[n]o attorney may charge any fee for services in connection with a petition filed under section 300aa–11 of this title which is in addition to any amount awarded as compensation by the special master or court under paragraph (1)."  This would include any amounts requested by counsel that the undersigned finds non-compensable.

discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06–559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009).  Petitioners bear the burden of documenting the fees and costs claimed.  *Rodriguez*, 2009 WL 2568468, at *8.  Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored.  *See, e.g.*, *Broekelschen v. Sec'y of Health & Human Servs.*, No. 07-137V, 2008 WL 5456319, at *4-5 (Fed. Cl. Spec. Mstr. Dec. 17, 2008).

In determining a reasonable number of hours expended, a line-by-line evaluation of the fee application is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl.Ct. 482, 484, *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests .... [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

## II.   Appropriate Hourly Rates

Petitioner requests compensation for Mr. Washor at the following rates;

- Work performed in 2013 - $385 per hour
- Work performed in 2014 - $396 per hour
- Work performed in 2015 - $413 per hour
- Work performed in 2016 - $425 per hour
- Work performed in 2017 - $435 per hour
- Work performed in 2018 - $435 per hour

Due in  large part to Mr. Washor's inexperience in the Vaccine Program[4], the undersigned does find cause to reduce the hourly rates to the following:  $385 an hour for time billed in 2013 – 2014; $398 per hour for time billed in 2015 -2016 and $415 per

---

[4] Mr. Washor's inexperience with the Vaccine Program is readily observed upon review of his billing records.  Examples include entries at 11/14/13 (0.30 hours) "Researched covered vaccines and Vaccine Act"; 04/21/15 (4.0 hours) "Memo summarizing vaccine guidelines, rules, and USCFC." (ECF No. 46-3 at 2); 02/23/16 (0.2 hours) "Phone call/emails with respondent re: pacer tech support." (*Id* at 4).

hour for time billed in 2017 – 2018.[5] The undersigned finds that the proposed paralegal rates of $120 - $145 per hour reasonable. Therefore, attorneys' fees **requested are reduced by $972.05**.

### III.     Reasonable Hours

The undersigned also finds Mr. Washor billed 1.1 hours of time and his paralegal billed 0.3 hours of time spent on tasks which are not reimbursable. These tasks include time spent obtaining bar membership with the U.S. Court of Federal Claims and a CM/ECF account which are not tasks related solely or exclusively to petitioner's case.[6] *See Velting v. Sec'y of Health & Human Servs.,* No. 90-1432, 1996 WL 937626, at *2 (Fed. Cl. Spec. Mstr. Sept. 24, 1996). The undersigned **reduces the fee request by $475.30**.[7]

### IV.     Reasonable Costs

The undersigned has also reviewed the costs submitted with petitioner's request and finds a reduction in the amount of costs to be awarded appropriate. Mr. Washor seeks reimbursement of $286.00 in costs associated with his admission to the U.S. Court of Federal Claims, which is non-compensable as discussed above.  (ECF 46-3 at 7). *See Velting,* 1996 WL 937626, at *2, 4.  The undersigned **reduces the cost request by $286.00.**

### V.      Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS in part** petitioner's motion for reduced attorneys' fees and costs.

---

[5] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules for 2015-2018 is available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.  The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules.  *See also McCulloch v. Sec'y Health & Human Servs.*, 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (noting that vaccine attorneys with over 20 years of experience should receive between $350 and $415 per hour, and further noting that higher rates should be reserved for attorneys with significant vaccine experience). *Accord Johnson v. Sec'y Health & Human Servs.*, No. 15-602V, 2017 WL 4210578 (Fed. Cl. Spec. Mstr. June 26, 2017) (reducing an attorney barred in 1972 from a requested rate of $415 per hour to $385 per hour for work performed in 2016 due to lack of prior vaccine experience).

[6] These tasks include: 08/02/15 (0.2 hours) "Telephone conference with 2 members of Bar re: statements."  (ECF No. 46-3 at 3); 10/21/15 (0.2 hours) "Online registration CM-ECF." (*Id.*); 12/11/15 (0.1 hours) "Meeting with HS re:submitting certificate." (*Id*).

[7] This total represents 1.1 hours of time billed at the already reduced rate of $385 per hour and 0.3 hours billed at the rate of $125 per hour for a total reduction of $475.30. (1.1 * $385 + 0.3 * $125 = $475.30)

**Accordingly, the undersigned awards the total of $17,562.18[8] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Barry Alan Washor.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[8] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.